May it please the Court, George J. Colzer, Cudaire Brothers for Appellant. I'd like to reserve three minutes of my time for rebuttal, if it please the Court. Good morning, Your Honors, and may it please the Court. I doubt that there are many appeals, at least that I've ever seen, as simple and clear-cut as this. The question is very simple. Can a cause of action that has not yet accrued be considered a compulsory counterclaim under the wording of Rule 13a? Well, maybe it's not so simple. I beg your pardon, Your Honor. Did you have the right to apply for attorney's fees within that action? Pardon? I say, did you have the right to apply for attorney's fees within the first action? No. As soon as it was determined who the prevailing party was. In other words, after judgment was entered? Yes. Under Rule 54. Why didn't you apply under Rule 54? Because we waited for instructions from clients, frankly. The clients you represent in these matters, these are insurance disputes fundamentally, and it's not easy to get instructions overnight or instantaneously. But again, I believe that not only does Professor Moore in his treatise, but in every other circuit that I'm aware of in district court, it is perfectly proper to await the entry of judgment where the claim for attorney's fees includes an element of being the prevailing party in the underlying action. Of course. And that's the reason. Are you familiar with Local Rule 54-293? Pardon? Are you familiar with the Eastern District's Local Rule 54-293 on the application of attorney's fees and when they should be made? Yes. What does it say? I don't have it in front of me, Your Honor. Well, it says, motion for rewards of attorney's fees to prevailing parties shall be made within 30 days after entry of judgment. That's the local, that's the rule of court. There's one problem I have with that. What's that? If I read, and I humbly say this, if I read Rule 13-A correctly, I would think that that would be in conflict with it. There's no requirement that I recall in the Federal Rules of Civil Procedure that makes such a requirement. No local rule can. That's exactly why you need a local rule, because the federal rules do not address it at all. But if a local rule is not in conformance with. Doesn't White v. New Hampshire say, the Supreme Court counsel, that, well, because there's no national rule, it's perfectly proper for each court to adopt its own local rule. In fact, we have our own local rule in the Ninth Circuit on whom to apply for attorney's fees. Are you saying that rule is invalid? No, I'm saying that it's not in conformance with the Federal Rules of Civil Procedure. If it's not, then it's invalid, isn't it? Well, so be it. What part of the Federal Rules is it not in conformance with? If it's required that one bring a compulsory counterclaim, it's in violation of Rule 13-A. If it is required that within a certain time limit, you must. The question is whether it's a counterclaim at all. In other words, should an application for attorney's fees be classified at all as even a counterclaim? As Judge O'Scanlan says, isn't it more akin to a claim to cost? Are you saying cost could be properly asked for as a counterclaim in a separate action? But there are rules in the Federal Rules of Civil Procedure and in Title 28 governing costs. The reason I refer to the compulsory counterclaim is that's what the district court did. I'm bound by what the district court did. I didn't come here with all due respect to argue a different case. You can affirm the district court. We can affirm the district court and give what happened a little different word. I mean, you did not apply in accordance with the rules, so. I don't have it in front of me, with all respect to Your Honor, and I mean that. I do not have it in front of me, but I do not believe there is a requirement in Rule 54 of the Federal Rules of Civil Procedure setting a time limit within which I have to apply for attorney's fees. I could be wrong, but that's my point. That's the very reason why it's a proper subject for a local rule, because it's not covered by the federal rules. But you cannot have a local rule that supersedes or contravenes or otherwise violates. It doesn't supersede. I don't recall the case, I believe in this circuit some years ago, where the local rules. I agree with that principle, but the federal rules don't address the subject of when to apply for attorney's fees at all. That's right. How can it be in conflict if it's not addressed? That's exactly the point, that I cannot be held to a requirement when I rely upon Rule 54 or Rule 54. You can't rely on Rule 54 if Rule 54 doesn't address the subject. Rule 54 doesn't say a word about when to apply or how to apply for attorney's fees. Right. And why should not that be binding? Well, you can rely on Rule 56, and Rule 56 doesn't address attorney's fees either. Or you can rely on Rule 52, because Rule 52 doesn't address attorney's fees. Your argument doesn't make any sense at all. Well, I'm sorry, Your Honor. I think it makes perfect sense because it's that which is followed in every other circuit, and I believe every district in the country. Can you cite me a case? There is no circuit. All right, then cite me a case which holds that it's proper to bring a claim for attorney's fees in a prior action like you have in a separate subsequent action. Can you cite me a case? There's a number of them cited in my brief. I can recite them. All right. Tell me a case. I think it would be easier just the brief is not that long. There are a number of cases in the brief and in the reply brief. Well, it has to do with counterclaims, but not with attorney's fees in a prior action. There are counterclaims for attorney's fees, Your Honor. I'm referring to certain cases in here. Now, you're referring to Springs, among others. Yes. It's an interesting story. Springs' decision, I believe in 1988 in his court, there was an earlier case called Interfoto in, I believe, the Southern District in New York, where the issue of compulsory counterclaims never arose. But from the dicta in the Interfoto case, this court interpreted it as a ruling on compulsory counterclaims in dicta. And I humbly say this, and please, I hope I'm not misunderstood. It's just flat wrong. Professors Wright and Miller picked that up and wrote a piece on it in their treatise. Professor Moore wrote a piece saying the opposite. It is the only case of its kind in the United States. And there's only one problem. It's Ninth Circuit law. But it's dicta. I understand that. But it's dicta. And I think it's plain as can be that this case got here on the Rule 13 issue. And it may well be that there could have been other avenues or approaches tried. But I'm dealing with the record and the judgment of the court below. And I think it's a wrong judgment. And I've thought a lot about the Spring wording. It's been discussed many times by many people. And it's just A, dicta, and B, flat-out wrong. I guess I'm having trouble as a practical matter seeing how this is going to work. You prayed for attorney's fees in your complaint? No. In this complaint in the second action, yes. That's all. There was an underlying action. First? Not in the first. I'd really like to save some time. Okay. But I'm happy to answer the court. Not in the first. Got judgment, brought a separate action. That's the issue. Okay. Thank you. That clarifies it. Good morning, Your Honors. I'm Mitch Griffin for Western Bulk Carriers. I would add that the second action that was brought for attorney's fees was brought over a year later and two states away in the State of Washington. The ruling of the court below was based upon the Rule 13a, the compulsory counterclaim rule. I would add that any basis that appears in the record, and Your Honors were referring to Rule 54 and the local rules, it can be affirmed on those bases also. The only thing I'll add, each of the cases cited by the court have been discussed in both of our briefs, and I won't belabor the point. The only thing that I'll add is the appendix submitted by the court exhibits G and H are the docket sheets from this case, this attorney's fees case. Rule 13a was designed to achieve judicial economy and fairness. If we are to adopt the court's view of civil procedure, we could be creating – there's 13 pages of docket sheets in this case that were totally unnecessary. Had a motion been brought post-trial or an appeal in that case for attorney's fees, or more simply, had they pled for attorney's fees, as we did, we were not the prevailing party, so they were perhaps entitled to the attorney's fees there. That's all I have. Well, let me just ask you. There are some cases cited. There seem to be principally district court cases that do – in the full brief that appear to permit a prevailing party to file a subsequent action to recover fees, if that's the way they're characterized. Do you want to address that? Well, does Your Honor have one particular case in mind? I'm just looking at the blue brief's description of Bellevue v. Kafka. Bellevue v. Kafka is a bit of an odd case, but it is distinguishable. Bellevue v. Kafka, I believe, is the case wherein partners were suing each other on promissory notes. They also had a partnership agreement that was separate from the promissory notes. One partner prevailed on this promissory note over here. Then he went back and he said, hey, you know something, I can get my attorney's fees based upon this partnership agreement. We have a different situation here. We had a breach of contract claim where the contract itself had the prevailing party attorney. That was more like an indemnification, I guess. Yeah, the second action, yes. Okay. Do you want to say anything about Springs? Is it dicta or not? No, I don't think it's dicta. I think the whole thing in that case was that the gentleman who – I think it was a loan association had sued this gentleman. Do I have the case right in Springs? He had a negligence claim that he later wanted to assert back against the loan association. I believe that's the Springs case, or maybe I'm confusing it. Nevertheless, the whole thing was that the attorney's fees claim was a compulsory counterclaim. So I don't see how an explanation of why it was a compulsory counterclaim, how that could be considered dicta. Okay. Okay. Thank you. Thank you. Justice, do I have a conclusion for him? The point is that if it's a compulsory counterclaim, it has to exist at the time the pleading is filed, i.e., the answer. As I say in my brief, it's a metaphysical impossibility to be a prevailing party when you file your answer. Judge Takashima, you asked about cases involving attorney's fees. One that jumps out at me is the case by Chief Judge Posner in the Seventh Circuit, the McCartney case. There are others listed in there, all of which involve attorney's fees. This is not an uncommon problem around the country, and not just with attorney's fees. You can have it with issues of contribution and demonetization. It arises not infrequently. And this is the only case, Springs, in dicta, I believe, that holds contrary to what we're arguing here. And I think we have every right to rely upon that, and the judgment of the district court should be reversed and sent back to deal with the counterclaim, with the cause of action for attorney's fees. It's very simple. There's nothing in the rules about judicial economy or whatever other arguments a Pelley's lawyer makes. I'm relying upon the plain, clear, unambiguous language that we cite in our brief. I believe that should do it, Your Honors. Thank you very much. Thank you. The case just argued is submitted for decision.
judges: Schroeder, O'scannlain, Tashima